IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LANDAIR TRANSPORT, INC.** | : | Civil No. 1:17-CV-0723 |
| Plaintiff, | : | |
| v. | : | |
| **DEL'S TRUCK AND AUTO REPAIR** | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

In this diversity action, Plaintiff asserts claims for breach of contract, fraud, and unjust enrichment, and seeks punitive damages against Defendant for allegedly excessive charges related to Defendant's towing and repair of a tractor trailer owned by Plaintiff. Presently before the court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for, respectively, lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons stated herein, Defendant's motion will be granted in part and denied in part.

## I. Background

### A. Facts

Plaintiff Landair Transport, Inc. ("Plaintiff") is a Tennessee corporation that ships and transports goods and cargo in interstate commerce as a common motor carrier. (Doc. 1, ¶¶ 1, 7.) On July 19, 2016, one of Plaintiff's tractor trailers was

involved in a motor vehicle accident within the Middle District of Pennsylvania. (*Id*. at ¶ 5.) Plaintiff called Defendant Del's Truck and Repair ("Defendant"), a business incorporated in Pennsylvania that offers towing, accident cleanup and recovery, and automotive repair services, to assist with Plaintiff's damaged tractor trailer. (*Id*. at ¶¶ 2, 8-9.) In response, Defendant towed Plaintiff's tractor trailer to Defendant's place of business in Chambersburg, Pennsylvania, and subsequently sent Plaintiff an invoice in the amount of $89,210.00. (*Id*. at ¶¶ 10-11.)

On August 18, 2016, Plaintiff agreed to pay Defendant the sum of $87,419.75 as costs related to the accident, including towing, disposal of cargo, and storage of Plaintiff's tractor trailer. (*Id*. at ¶ 13.) According to the complaint, Plaintiff believed Defendant's charges were excessive and only agreed to pay because Defendant was in possession of Plaintiff's equipment and cargo. (*Id*. at ¶ 14.) On February 7, 2017, Plaintiff reached out to Defendant in an effort to amicably resolve the disputed charges, but to no avail. (*Id*. at ¶ 12.)

### B. Procedural History

Plaintiff initiated this action by filing a complaint on April 24, 2017. (Doc. 1.) Defendant waived formal service and responded to the complaint with motions to dismiss for failure to state a claim (Doc. 10) and lack of subject matter jurisdiction (Doc. 11). The motion has been briefed (Docs. 12 & 15) and is ripe for disposition.

## II. **<u>Legal Standards</u>**

Defendant seeks dismissal of the complaint pursuant to both Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Under Rule 12(b)(1), the court must dismiss any action over which it "lack[s] subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.'" *Lee v. Reynolds*, Civ. No. 13-cv-2604, 2014 WL 2195403, *1 (M.D. Pa. May 27, 2014) (quoting *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002)). "Where subject matter jurisdiction 'in fact' is challenged, the trial court's very power to hear the case is at issue, and the court is therefore 'free to weigh the evidence and satisfy itself as to the power to hear the case," *id.* (quoting *Mortensen v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977)), and need not accord a plaintiff's allegations with any presumption of truth, *Turicentro*, 303 F.3d at 300 n.4.

A motion to dismiss pursuant to Rule 12(b)(6), on the other hand, tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *United States v. Pennsylvania*, 110 F. Supp. 3d 544, 548 (M.D. Pa. 2015) (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)); *see also* Fed. R. Civ. P. 12(b)(6).

## III. <u>Discussion</u>

Defendant raises the following bases that support dismissal of the complaint: 1) the court lacks subject matter jurisdiction; 2) Plaintiff's fraud claim contained in Count I was not plead with sufficient particularity; 3) Counts I and II are barred by the gist of the action and economic duress doctrines; 4) Plaintiff's claim for economic duress fails because Plaintiff had time to consult with legal counsel before entering into the contract; 5) Plaintiff's claim for unjust enrichment is barred by the existence of a written or express contract; and 6) Plaintiff's pleading of punitive damages as a separate claim fails as a matter of law, and Plaintiff has failed to plead sufficient facts to support any award of punitive damages in relation to Plaintiff's other claims. (*See* Doc. 12.) The court will address each argument in turn.

4

### A. Lack of Subject Matter Jurisdiction

Defendant's first argument is that the entire complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In the complaint, Plaintiff asserts that the court's subject matter jurisdiction over this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. (Doc. 1, ¶ 3.) For diversity jurisdiction to exist, the amount in controversy must exceed $75,000 and the plaintiff and defendant must be citizens of different states. 28 U.S.C. § 1332(a) & (a)(1). Where corporations are parties, they are deemed to be a citizen of every state in which they are incorporated and where they have their principal place of business. *Id*. at (c)(1).

As to the amount in controversy requirement, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)); *see also Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself."). Here, Plaintiff claims that the sum it felt improperly compelled to agree to pay to Defendant was $87,419.75, an amount Plaintiff disputes in its

entirety. (*See* Doc. 1, ¶¶ 13-14; Doc. 15, p. 5 of 15.) Accordingly, the court finds that the amount in controversy requirement has been met.

Defendant also argues that Plaintiff has failed to allege citizenship in a different state from Defendant because Defendant is an entity incorporated in Pennsylvania and Plaintiff is both incorporated in Pennsylvania and maintains a physical location there. After a quick review of both the allegations contained in the complaint as well as the Pennsylvania Department of State's website, it is clear that the court must reject both claims by Defendant, especially at this stage of the litigation. The complaint asserts that Plaintiff both maintains its principal place of business – and is incorporated – in Tennessee. (Doc. 1, ¶ 1.) In addition, the Pennsylvania Department of State lists Plaintiff as a foreign corporation with the state of incorporation as Tennessee. *See* Pa. Dep't of State, Business Entity Search, https://www.corporations.pa.gov/search/corpsearch (search "Landair Transport, Inc." then click on hyperlink for Entity Number 2635360) (last visited Feb. 13, 2018).[1]

After years of confusion and different tests being applied in different circuits, The United States Supreme Court clarified in 2010 that a corporation's

---

[1] A district court may take judicial notice only from sources not reasonably subject to dispute. Fed. R. Evid. 201(b). Because the website in question here is owned and operated by the Pennsylvania Department of State, rather than by a private entity, the court finds that the facts contained on the site are authentic and that the source is not reasonably subject to dispute. *See Abulkhair v. Comm'r of Soc. Sec.*, 450 F. App'x 117, 119 n.3 (3d Cir. 2011) (taking judicial notice of facts contained on official government website for the Social Security Administration).

principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities[,]" or, in other words, its "nerve center" or "main headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Although a Pennsylvania location is listed on the Pennsylvania Department of State's website, the address listed for the corporate officers is in Tennessee. *See id.* The court has no reason to look any further, and, accepting the allegations in the complaint as true, finds that Plaintiff has sufficiently pleaded facts to support that its principal place of business is in Tennessee and that the court can exercise diversity jurisdiction over this matter.

    **B.**    <u>**Failure to Plead Fraud with Particularity**</u>

Next, Defendant argues that Plaintiff's fraud claim should be dismissed because Plaintiff has failed to meet the particularity standard contained in Federal Rule of Civil Procedure 9(b). Unlike the general notice pleading standard of Rule 8, in order to support a fraud claim, "a party must state with particularity the circumstances constituting fraud[,]" but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Fraud is a common law claim, and as a federal court sitting in diversity, the court must apply the substantive law of the forum state. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

7

"In order to prove fraud in Pennsylvania, a claimant must prove six elements: (1) a misrepresentation; (2) material to the transaction; (3) made falsely; (4) with the intent of misleading another to rely on it; (5) justifiable reliance resulted; and (6) injury was proximately caused by the reliance." *Bral Corp. v. Johnstown Am. Corp.*, 919 F. Supp. 2d 599, 617-18 (W.D. Pa. 2013) (citations omitted).

Here, Plaintiff alleges in the complaint that Defendant knowingly and falsely represented specific costs associated with the towing and storage of Plaintiff's tractor trailer, which satisfies elements one through three of a fraud cause of action. (Doc. 1, ¶¶ 17-19.) Plaintiff further alleges that Defendant did so in order to procure from Plaintiff more money than what Defendant was entitled to and that Plaintiff suffered injury in the form of excessive costs paid to Defendant for its services. (*Id.* at ¶¶ 20-22.) The court is satisfied at this early pleading stage that Defendant's representations to Plaintiff about what services were done and at what cost were material to Plaintiff. The court also finds, again only for purposes of this motion to dismiss, that Plaintiff justifiably relied on those representations because Defendant's statements about the services rendered was the only information Plaintiff had available to it until it secured the return of its equipment. Accordingly, the court finds that Plaintiff has met the more exacting pleading standard of Rule 9(b) and Count I will not be dismissed on this basis.

### C. <u>Gist of the Action and Economic Loss Doctrines</u>

As alternative bases for dismissing Plaintiff's fraud claim contained in Count I, as well as its economic duress claim in Count II, Defendant relies on the gist of the action and economic loss doctrines. The court will examine each doctrine in relation to both Counts I and II.

Under Pennsylvania law, "[t]he gist of the action doctrine precludes tort claims where the true gravamen, or gist, of the claim sounds in contract." *Dommel Properties LLC v. Jonestown Bank & Trust Co.*, 626 F. App'x 361, 364 (3d Cir. 2015) (citing *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014)). The central question is whether the duty allegedly breached by one of the parties arose solely out of a contract or whether there was a "violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract." *Id*. at 365 (quoting *Bruno*, 106 A.3d at 68).

In the present case, Defendant performed the services and sent Plaintiff an invoice before any contract was entered into. In addition, Plaintiff alleges in Count I that Defendant committed fraud by knowingly making false representations about the necessary services and their related costs. If Plaintiff is ultimately successful in its fraud claim, the fraud would have happened in the inducement of the contract, making the contract voidable. "Pennsylvania state and federal courts have reached different conclusions about whether the gist of the action doctrine applies to

9

fraudulent inducement claims." *Downs v. Andrews*, 639 F. App'x 816, 820 (3d Cir. 2016). In *Downs*, the Third Circuit Court of Appeals was not compelled to decide whether the gist of the action doctrine barred all fraud in the inducement claims because the claim in that case involved a failure to perform ongoing obligations under the contract. *Id*. Here, the court is presented with the flip side of that coin: all services were performed before entering into the contract, which really amounted to Plaintiff merely agreeing to pay a certain amount for those services already rendered. The duty Plaintiff asserts has been breached is not contractual, but rather the societal duty imposed by the law of torts for individuals not to commit fraud. Thus, the court finds that the gist of the action doctrine does not bar Plaintiff's fraud claim and it will not be dismissed on that basis.[2]

Turning to the economic loss doctrine, Defendant contends that both Counts I and II – tort claims sounding in fraud and economic duress – should be barred because the economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from contract." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995). Defendant fails to mention, however, that the economic loss doctrine applies only in limited circumstances, such as the products liability context, and is based on the reasoning

---

[2] Defendant makes no separate argument based on the gist of the action doctrine related to Plaintiff's economic duress claim in Count II. Accordingly, the court will not dismiss Count II for the same reasons discussed regarding Count I.

that "[w]hen a product injures only itself the reasons for imposing a tort duty are weak and those for leaving the party to its contractual remedies are strong." *Id.* (quoting *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871 (1986)). In other words, the purchaser of a defective product that did not also cause personal injury to the purchaser can seek redress through product warranties rather than via tort law. *Id.* at 619.

Even if the economic loss doctrine were applicable here, however, the court would reject it at this stage of the litigation for the same reasons it is refusing to apply the gist of the action doctrine. The economic loss doctrine seeks to encourage parties with contractual rights to enforce those rights rather than pursuing tort claims for the same loss. Here, Plaintiff is asserting that Defendant's alleged fraud and placing Plaintiff under economic duress by refusing to release its equipment until Plaintiff paid the full $87,419.75 should void the contract. Again, there are no ongoing performance obligations or warranties Plaintiff could seek to enforce in that scenario. Thus, the court will not dismiss Counts I or II based on the economic loss doctrine.

### D. **Economic Duress**

Defendant next argues that Plaintiff's economic duress claim should be dismissed because Plaintiff had time to freely consult with legal counsel before entering into the contract. *See Degenhardt v. Dillon Co.*, 669 A.2d 946, 950 (Pa.

1996) (finding that duress does not exist in the absence of bodily threats or actual bodily harm where the contracting party was free to consult with counsel); *see also Nayak v. McNees Wallace & Nurick LLC*, Civ. No. 15-cv-0933, 2016 WL 7015711, *9 (M.D. Pa. Sept. 13, 2016) (quoting *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 893 (3d Cir. 1975)) ("[U]nder Pennsylvania law where the contracting party is free to come and go and to consult with counsel, there can be no duress in the absence of threats of actual bodily harm.").

Here, Plaintiff has not alleged any unlawful threats, and has only stated that it was under economic pressure to retrieve its equipment. Unfortunately for Plaintiff, however, Pennsylvania law is well settled that "mere financial pressure is insufficient," *Hull v. Welex Inc.*, Civ. No. 02-cv-7735, 2002 WL 31887043, *2 (E.D. Pa. Dec. 30, 2002), and "there must be more than a mere threat which might possibly result in injury at some future time," *McDonald v. Whitewater Challengers, Inc.*, 116 A.3d 99, 114-15 (Pa. Super. Ct. 2015) (citation omitted). Accordingly, the court finds that Plaintiff has not sufficiently pleaded facts to support a claim of economic duress, and Count II will be dismissed.

### E. <u>Unjust Enrichment</u>

As to Count III, Plaintiff's claim for unjust enrichment, Defendant argues that dismissal is appropriate because the parties have a written agreement and an unjust enrichment claim cannot be maintained where an express or written contract

exists. *See Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. 2006) (citing *Mithcell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. Ct. 1999)). While this is typically true, more discussion is required due to Plaintiff's surviving fraud claim.

In order for Plaintiff to state a claim for unjust enrichment under Pennsylvania law, it "must allege that (1) [it] conferred a benefit on the defendant, (2) the defendant knew of the benefit and accepted or retained it, and (3) it would be inequitable to allow the defendant to keep the benefit without paying for it." *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 492 (E.D. Pa. 2016) (citing *Mitchell*, 729 A.2d at 1203-04). Plaintiff may advance its unjust enrichment claim "under a theory based on unlawful or improper conduct established by an underlying claim, such as fraud, in which case the unjust enrichment claim is a companion to the underlying claim." *Id.* (citations omitted). However, allowing the unjust enrichment claim to proceed along with the underlying fraud claim would only be proper in the absence of an express contract. As stated above when discussing Plaintiff's fraud claim, it is possible that Plaintiff may be able to void the written contract in this matter based on Defendant's alleged fraudulent misrepresentations. Accordingly, the court finds that it would be premature at this stage of the litigation to foreclose Plaintiff from pursuing its unjust enrichment claim along with its fraud claim, and Count III will not be dismissed. It is clear,

however, that should Plaintiff's fraud claim fail, so too must its claim for unjust enrichment.

## F. <u>Punitive Damages</u>

Lastly, Defendant has moved to dismiss Plaintiff's request for punitive damages because: 1) Plaintiff pled the request as a separate cause of action, which is improper under Pennsylvania law; and 2) even if Plaintiff had properly plead the request, Plaintiff has failed to plead any facts upon which an award of punitive damages could be based. The court agrees with both arguments.

As an initial matter, it is clear that punitive damages may not be pursued as a separate cause of action under Pennsylvania law, *see, e.g.*, *Murray v. Gencorp, Inc.*, 979 F. Supp. 1045, 1050 (E.D. Pa. 1997), and accordingly Count IV will be dismissed. In addition, the only facts Plaintiff has averred in support of a properly-pled request for punitive damages are that Defendant "acted in bad faith" and its conduct was "wanton and egregious, with reckless indifference and conscious disregard to the rights of Plaintiff." (Doc. 1, ¶¶ 36-37.) In actuality these are not facts, but rather boilerplate and conclusory allegations that are routinely rejected as insufficient to support an award of punitive damages. *See Salvio v. Amgen Inc.*, Civ. No. 11-cv-0553, 2012 WL 517446, *8 (W.D. Pa. Feb. 15, 2012) (finding "boilerplate allegation" of defendants' "malice, fraud and reckless disregard for

others" failed to support a request for punitive damages). Accordingly, any request for punitive damages will be stricken from the complaint.

## IV. <u>Conclusion</u>

For the reasons stated herein, the court finds that it has subject matter jurisdiction over this action and that Plaintiff has stated a claim upon which relief can be granted with regard to its fraud claim contained in Count I and unjust enrichment claim contained in Count III. However, Plaintiff has failed to state plausible claims for relief in Counts II and IV, and those counts will be dismissed. Finally, Plaintiff has failed to plead sufficient facts to support a request for punitive damages and any such request shall be stricken.

An appropriate order will issue.

      s/Sylvia H. Rambo
      SYLVIA H. RAMBO
      United States District Judge

Dated: February 20, 2018